**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Civil Action No. 14-cv-00390-REB-BNB

ILDEFONSO VARA,
SANDRA ESTRADA,
YAZMIN NAVA,
MARIO ESPINOZA,
GILBERTO RAMIREZ,
RICARDA NAVA, and
JOSE VARA, on their own behalf and on behalf of all others similarly situated,

      Plaintiffs,

v.

TSM PROPERTIES, LLC, d/b/a COSTA VIDA LT,
DISCIPLE FOODS, LLC,
COSTA VIDA – LONE TREE, LC,
COSTA VIDA – LONE TREE, LLC, and
SPENCER BOWEN,

      Defendants.

---

**ORDER GRANTING MOTION FOR CONDITIONAL CERTIFICATION**

---

**Blackburn, J.**

    This matter is before me on the **Plaintiffs' Motion To Proceed as a Collective Action, for Court-Authorized Notice and for Disclosure of the Names, Addresses, and Dates of Employment of the Potential Opt-In Plaintiffs** [#4][1] filed February 18, 2014.  The defendants filed a response [#12], the plaintiff filed a reply [#15], and the plaintiff filed a **Notice of Supplemental Authority** [#25].  I grant the motion.

---

[1]  "[#4]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental).

## II.  STANDARD OF REVIEW

This case involves alleged violations of the wage provisions of the Fair Labor Standards Act ("FLSA" or "the Act").  The plaintiffs seek to pursue a collective action under the Act on behalf of themselves and other similarly situated current and former employees of the defendants, TSM Properties, LLC, Disciple Foods, LLC, Lone Tree, LC, Costa Vida-Lone Tree, LLC, and Spencer Bowen.  Section 216(b) of the FLSA provides the exclusive means of bringing such class-wide claims to redress alleged violations of the FLSA.  *See* 29 U.S.C.A. § 216(b); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 678-79 (D. Kan. 2004).  Contrary to the procedures governing a typical class action under Rule 23, plaintiffs who wish to participate in a FLSA collective action must opt in to the action.  *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *In re American Family Mutual Insurance Co. Overtime Pay Litigation*, 638 F.Supp.2d 1290, 1298 (D. Colo. 2009).

A collective action under the FLSA may be maintained only by and among employees who are "similarly situated."  The Tenth Circuit has adopted a two-step analysis governing this determination.  At the initial "notice stage," the trial court must determine whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), *cert. denied*,

536 U.S. 934 (2002) (citation and internal quotation marks omitted). The court makes this determination relying on the allegations of the complaint and any affidavits filed by plaintiffs. *Brown*, 222 F.R.D. at 680. Certification at this step is conditional, and the standard of proof "is a lenient one that typically results in class certification," allowing notice to be sent to the putative class members and discovery to be undertaken. *Id.* at 679.

After discovery is complete, the second, or "decertification," stage occurs. At that point, the court applies a much stricter standard to determine whether class members are similarly situated and, consequently, whether the action should continue as a collective action. In making that determination, the court must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." *Brown*, 222 F.R.D. at 679 (citing *Thiessen*, 267 F.3d at 1103).

### III. FACTS

The plaintiffs brought this action on behalf of themselves and other similarly situated current and former employees of the defendants. The action was brought under 29 U.S.C. § 216(b). The defendants own and operate Mexican restaurants. According to the complaint [#1], the "plaintiffs and others similarly situated worked as prep cooks, line cooks, tortilla-makers, cashiers, dishwashers and managers" in Mexican restaurants operated by the defendants. *Complaint* [#1], ¶ 1. For purposes of the present motion, I treat the allegations in the complaint [#1] as the relevant facts.

The plaintiffs allege that the defendants failed to pay the plaintiffs, and the group[2] of employees the plaintiffs seek to include in this action, overtime wages for hours worked beyond forty hours for each work week. *Id.*, ¶ 2. The plaintiffs regularly worked more than forty hours per week for the defendants, but the defendants paid the plaintiffs for hours in excess of forty hours per week at their regular hourly rate and not at the overtime rate, or the defendants paid the plaintiffs with a "bonus" payment intended to mask regular hourly rate payments for overtime hours worked. *Id.*, ¶ 25. In addition, the defendants appropriated tips that were meant for the plaintiffs. *Id.*, ¶¶ 4, 28. Finally, the defendants regularly deleted hours from paychecks of the plaintiffs. *Id.*, ¶ 29.

## IV.  ANALYSIS

The actions alleged in the complaint, if proven, violate the provisions of the FLSA. Further, the allegations in the complaint [#1] constitute substantial allegations that the plaintiffs were together the victims of a single decision, policy, or plan. The arguments of the defendants to the contrary are not persuasive.

The defendants argue also that the motion of the plaintiffs is moot because the defendants made an offer of judgment to the named plaintiffs which, purportedly, "would fully satisfy their claims including costs and attorney's fees." *Response* [#12], p. 7. The United States Court of Appeals for the Tenth Circuit has held that full satisfaction offers of judgment under FED. R. CIV. P. 68 made to named plaintiffs in a Rule 23 class action do not moot the class claims. ***Lucero v. Bureau of Collection Recovery, Inc.***, 639 F.3d 1239, 1249 (10th Cir. 2011). Of course, the present case is not a Rule 23 class action. However, I agree with the analysis of Chief United States District Judge

---

[2]  Hereafter, any reference in this order to "the plaintiffs" includes the group of employees the named plaintiffs seek to include in this action.

Marcia S. Krieger in *Perez v. Pinon Mgmt., Inc.*, No. 12-CV-00653-MSK-MEH, 2013 WL 1149567 (D. Colo. Mar. 19, 2013).  In *Perez*, Chief Judge Krieger concluded that "if called upon to address whether the rule in *Lucero* applies to opt-in collective actions, such as those under the FLSA, the 10th Circuit is likely to conclude that it does." *Id.* at *6.  Thus, I conclude that the offer of judgment does not moot the claims of the plaintiffs.

In addition, the offer of judgment made by the defendants is ineffective.  A defendant may not invoke Rule 68 when it presents a plaintiff with an ambiguous offer of judgment.  This is so because "the offeree must know what is being offered in order to be responsible for refusing the offer."  *Arkla Energy Res., a Div. of Arkla, Inc. v. Roye Realty & Developing, Inc.*, 9 F.3d 855, 867 (10th Cir.1993).  The offer of judgment tendered by the defendants in this case provides that "the amount of damages would have to be determined at a later point . . . ."  *Reply* [#15], Exhibit 1 [#15-1] (offer of judgment).  This vague proposal does not inform the plaintiffs of what is being offered and, therefore, does not constitute an effective offer of judgment under Rule 68.

The form of notice to potential plaintiffs [#4-1] proposed by the plaintiffs contains an overly broad description of the group of similarly situated employees for which the plaintiffs seek to pursue a collective action.  The collective action is more properly defined using the terms used in the complaint [#1]:

> All current and former employees of one or more of the defendants who worked for one or more of the defendants on or after February 12, 2011, and who were not paid overtime wages, had tips taken by one or more of the defendants, and/or were not paid for all hours worked.

The form of notice delivered to potential plaintiffs shall use this definition in lieu of the definition in the form of notice [#4-1] proposed by the plaintiffs.  The form of notice delivered to potential plaintiffs shall provide that any and all consent to join forms must

be received by counsel for plaintiffs no later than December 12, 2014.  Thus, as

approved in this order, I shall refer to the notice to potential plaintiffs as the Notice. The

Consent To Join form proposed by the plaintiffs [#4-1], CM/ECF p. 5, is approved.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiffs' Motion To Proceed as a Collective Action, for Court-Authorized Notice and for Disclosure of the Names, Addresses, and Dates of Employment of the Potential Opt-In Plaintiffs** [#4] filed February 18, 2014, is **GRANTED** on the terms stated in this order;

2.  That under 29 U.S.C. § 216(b), this case is **CONDITIONALLY CERTIFIED** as a collective action concerning the claims of the named plaintiffs under the Fair Labor Standards Act on behalf of all current and former employees of one or more of the defendants who worked for one or more of the defendants on or after February 12, 2011, and who were not paid overtime wages, had tips taken by one or more of the defendants, and/or were not paid for all hours worked.

3.  That with the amendments specified in this order, the Notice and the Consent To Join form [#4-1] are **APPROVED**;

4.  That the Notice **SHALL PROVIDE** that any and all Consent To Join forms must be received by counsel for plaintiffs no later than **December 12, 2014**;

5.  That on or before **October 10, 2014**, the defendants **SHALL PROVIDE** to the plaintiffs, the names, addresses, phone numbers, and e-mail addresses of all current or former employees of any one or more of the defendants who were employed by any one or more of the defendants on or after February 12, 2011;

6.  That on or before October 24, 2014, counsel for the plaintiffs **SHALL**

**DELIVER** the Notice and the Consent To Join form, as approved in this order, to all potential plaintiffs via first class mail;

7.  That on or before September 26, 2014, counsel for the plaintiffs **SHALL PROVIDE** to counsel for the defendants copies of the Notice and Consent To Join form, as approved in this order, in English and Spanish;

8.  That from October 24, 2014, through December 12, 2014, each of the defendants **SHALL POST** copies of the Notice and Consent To Join form, in English and Spanish, at a conspicuous place in their business where all employees are likely to see the Notice and Consent To Join form;

9.  That on one occasion on or before October 17, 2014, each of the defendants **SHALL PROVIDE** a copy of the Notice and Consent To Join form, in English and Spanish, to each of its current employees with the paycheck or other form of payment of wages for each employee.

Dated September 15, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge